(7 Misc. Rep. 572.)

### CLARK v. SMITH.

(City Court of New York, General Term. March 31, 1894.)

APPEAL—WEIGHT OF EVIDENCE.
　　Where the evidence is conflicting, the verdict will not be disturbed on appeal.

Appeal from trial term.

Action by James L. Clark against Andrew J. Smith for goods sold and delivered. From a judgment entered on a verdict in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before NEWBURGER and McCARTHY, JJ.

J. George Flammer, for appellant.
Charles F. Holm, for respondent.

McCARTHY, J. This is an appeal from a judgment entered on the verdict of a jury, and the action is for the sale and delivery of goods. The defendant claims that certain payments were made, which, if applied to the defendant's indebtedness, would leave a balance of $186.87, which balance the defendant admitted he owed. The defendant proved by the plaintiff's own witness, Peterson, who had kept the books, that the aggregate purchase of merchandise by the defendant from the plaintiff was $770.79. The defendant claims that the payments made to the plaintiff aggregated $583.42. These payments, if made, were all made subsequent to the purchase of the store by the defendant, and were paid out of the proceeds of the defendant's business. Plaintiff's witness testified to various payments, aggregating $396.20, having been made on Smith's account, and covering a period of time the same as that of the plaintiff's statement of merchandise sold, and no credit or mention whatever is made of these payments.

If there ever was a case where there was a positive and continued conflict of evidence on the material issues, this was one. It was purely a question of fact, and certainly required the jury to settle and determine the many contradictions in the testimony. They have found for the plaintiff, but in a smaller sum than claimed by him. Where such appears, and there is any evidence to support the findings of the jury, their verdict will be sustained. The trial justice, in his charge, fairly submitted the questions of fact to the jury, and, excepting one request, no other was asked by plaintiff, nor was any exception taken to this charge. It is too late now for plaintiff's counsel to complain, to use his language, as per his brief, that the court did not seem to be able to grasp the situation and charge the jury, since, had counsel grasped the situation, he could have requested the court to charge any other proposition of law which might have occurred to him, and, if proper, I have no doubt the trial justice would have so charged. We must dispose of this appeal on the case as presented, and not on what ought to have been or what might have been. The defendant would be bound by the acts of Peterson only so far as

authorized, or in the line of his authority, and, where Peterson paid his own personal debts with the money belonging to his principal without his authority, the third person, the plaintiff here, could not retain such moneys, but must return them or credit the defendant with the same on the general account. The jury have believed this to be the state of facts, and have therefore credited these amounts, and found a balance due the plaintiff. While the evidence is very conflicting, we find no error on the part of the trial justice, and judgment should be affirmed, with costs.